UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
................................................................ x
KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY,

        Plaintiff,        23 Civ. 2513 (PAC)

  v.

UNITED STATES DEPARTMENT OF STATE,    **ANSWER**

        Defendant.
................................................................ x

     Defendant the United States Department of State ("State Department" or "Defendant") answers the Complaint, ECF No. 6, filed by Plaintiff Knight First Amendment Institute at Columbia University ("Plaintiff") as follows:

**INTRODUCTION**[1]

     1.    The allegations of Paragraph 1 constitute Plaintiff's characterization of this action, to which no response is required.

     2.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 2 and on that basis denies them. To the extent the allegations of Paragraph 2 purport to characterize public news sources, Defendant refers the Court to those documents as the best evidence of their content.

     3.    Defendant is without knowledge or information sufficient to admit or deny the allegations of Paragraph 3 and on that basis denies them.

---

[1] Defendant repeats the headings from Plaintiff's Complaint for ease of reference, without admission of the allegations contained therein.

4. The allegations of the first and second sentences of Paragraph 4 constitute conclusions of law to which no response is required. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 4 and on that basis denies them.

5. To the extent the allegations of Paragraph 5 purport to characterize public statements made by the State Department, Defendant refers the Court to those documents as the best evidence of their content.

6. In response to the allegations of Paragraph 6, Defendant avers that Plaintiff submitted a request under the Freedom of Information Act ("FOIA") to the State Department, which speaks for itself and is the best evidence of its contents, and which was received on December 9, 2022. Defendant further avers that the State Department sent emails to Plaintiff on December 13, 2022 and January 5, 2023, and the emails speak for themselves and are the best evidence of their content. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of the first sentence of Paragraph 6, which purport to described Plaintiff's motivations for sending the FOIA request, and on that basis denies them. The remaining allegations of the second sentence of Paragraph 6 constitute conclusions of law as to which in response is required.

7. The allegations of Paragraph 7 constitute Plaintiff's characterization of this action, to which no response is required.

## JURISDICTION AND VENUE

8. Paragraph 8 sets forth legal conclusions regarding jurisdiction, to which no response is required.

9. Paragraph 9 sets forth legal conclusions regarding venue, to which no response is required.

## PARTIES

10. Defendant is without knowledge or information sufficient to admit or deny the allegations of the first two sentences of Paragraph 10 and on that basis denies them. The third sentence of Paragraph 10 sets forth a legal conclusion as to which no response is required.

11. In response to the allegations of the first sentence of Paragraph 11, Defendant avers that the State Department is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f).  The remaining allegations of the first sentence of Paragraph 11 constitute legal conclusions as to which no response is required.  At this time, the State Department's search for the requested documents is ongoing and the Defendant is without knowledge or information sufficient to admit or deny the allegations of the second sentence of Paragraph 11 and on that basis denies them.

## FACTUAL ALLEGATIONS

### *The FOIA Request*

12. In response to the allegations of Paragraph 12, Defendant avers that Plaintiff submitted a FOIA request to the State Department dated December 9, 2022, which speaks for itself and is the best evidence of its content.

13. To the extent that the allegations of Paragraph 13 purport to characterize Plaintiff's FOIA request, that document speaks for itself and is the best evidence of its content. The remaining allegations of Paragraph 13 constitute conclusions of law as to which no response is required.

14. To the extent that the allegations of Paragraph 14 purport to characterize Plaintiff's FOIA request, that document speaks for itself and is the best evidence of its content. The remaining allegations of Paragraph 14 constitute conclusions of law as to which no response is required.

15. In response to the allegations of Paragraph 15, Defendant avers that the State Department sent an email to Plaintiff dated December 13, 2022, which speaks for itself and is the best evidence of its content.

16. In response to the allegations of Paragraph 16, Defendant avers that the State Department received an email from Plaintiff dated January 4, 2023, and that it sent a response to Plaintiff on January 5, 2023. These documents speak for themselves and are the best evidence of their content.

17. In response to the allegations of Paragraph 17, Defendant avers that the State Department received an email from Plaintiff dated January 23, 2023, and that it sent a response to Plaintiff on January 24, 2023. These documents speak for themselves and are the best evidence of their content.

18. In response to the allegations of Paragraph 18, Defendant avers that to date the State Department has not provided records to Plaintiff in response to the FOIA request and denies the remaining allegations of the paragraph.

19. The allegations of paragraph 19 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

20. Defendant admits the allegations of the first sentence of Paragraph 20. The remaining allegations of paragraph 20 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## CAUSES OF ACTION

21. Paragraph 21 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

22. Paragraph 22 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

23. Paragraph 23 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

24. Paragraph 24 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

25. Paragraph 25 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required; to the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of the Complaint.

## **DEFENSES**

For further and separate answer, Defendant alleges as follows:

## **FIRST DEFENSE**

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

## **SECOND DEFENSE**

Plaintiff is not entitled to compel production of records exempt from disclosure by one or

more exemptions of the FOIA.

### THIRD DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA.

Defendant may have additional defenses that are not known at this time. Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rule 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant demands judgment dismissing the Complaint and granting such other and further relief as this Court deems just and proper, including costs and disbursements.

Dated: New York, New York
May 3, 2023

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for Defendant

By: /s/ Dominika Tarczynska
Dominika Tarczynska
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: 212-637-2748
Fax: 212-637-2686
e-mail: dominika.tarczynska@usdoj.gov