KNIGHT
FIRST AMENDMENT
INSTITUTE at
COLUMBIA UNIVERSITY

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500
info@knightcolumbia.org

May 15, 2023

**Via ECF**

The Honorable Paul A. Crotty
United States Courthouse
500 Pearl Street, Chambers 1350
New York, NY 10007

      Re:    *Knight First Amendment Institute at Columbia University v. U.S. Department of State*, No. 23 Civ. 02513 (PAC)

Dear Judge Crotty,

On behalf of the parties in this Freedom of Information Act ("FOIA") lawsuit brought by Plaintiff Knight First Amendment Institute at Columbia University against Defendant U.S. Department of State (the "State Department" or the "Government"), we write respectfully in response to the Court's order dated May 5, 2023, ECF No. 12. This joint letter is submitted in advance of the Initial Pretrial Conference scheduled for May 17, 2023, at 12:30 PM.

### I. Contact information of counsel

Plaintiff's counsel's contact information is:

Jennifer Jones
Knight First Amendment Institute at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
E-mail: jennifer.jones@knightcolumbia.org
Phone: (646) 745-8500

Alex Abdo
Knight First Amendment Institute at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
Email: alex.abdo@knightcolumbia.org
Phone: (646) 745-8500

Defendant's counsel's contact information is:

Dominika Tarczynska
Assistant United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007
Phone: (212) 637-2748
Fax: (212) 637-2686
E-mail: dominika.tarczynska@usdoj.gov

## II. Description of the case

The Knight Institute filed this lawsuit to enforce a FOIA request it submitted to the State Department on December 9, 2022 seeking records concerning efforts by foreign states to censor political speech or promote state propaganda on U.S.-based internet platforms. *See* Compl. ¶¶ 1–2, ECF No. 1. The request seeks, among other things, State Department records regarding any guidance offered by the Department to U.S.-based platforms in resisting pressure from foreign states to censor users' speech or promote state-sponsored propaganda. A copy of the request is attached to the Complaint as Exhibit A.

The Knight Institute contends that it filed this suit on March 24, 2023 after having received no substantive response to its request from the State Department within the required time period. *See* Compl. ¶¶ 22–24; 5 U.S.C. § 552(a)(6)(A)(i) (stating that an agency must respond to a request within twenty working days); 5 U.S.C. § 552(a)(6)(B)(i) (allowing an agency to extend the time limit by ten working days in "unusual circumstances").

### III. Subject matter jurisdiction

This Court has jurisdiction over this action pursuant to FOIA, which vests U.S. district courts with jurisdiction over suits to enforce FOIA requests. *See* 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1331.

### IV. Summary of claims and defenses

**Plaintiff's summary.** Plaintiff seeks to enforce its FOIA request. Its central claim is that Defendant has failed to respond to the request within the time mandated by FOIA. Specifically, Plaintiff alleges that Defendant has failed to process the request "as soon as practicable" under 5 U.S.C. § 552(a)(6)(E)(iii), or "promptly" under 5 U.S.C. § 552(a)(3)(A); and that Defendant has failed to make and communicate a determination whether to comply within the statutory time limit under 5 U.S.C. § 552(a)(6)(A)(i). Compl. ¶¶ 22–24.

Plaintiff also alleges that Defendant has violated FOIA and the agency's corresponding regulations by failing to grant Plaintiff's requests for expedited processing, 5 U.S.C. § 552(a)(6)(E), and for a waiver of search, review, and duplication fees, 5 U.S.C. § 552(a)(4)(A). Compl. ¶¶ 21, 25.

As relief, Plaintiff seeks an order requiring Defendant to conduct a thorough search for records responsive to the FOIA request and to immediately process those records for the release of any non-exempt information.

**Defendant's summary.** The Government disputes that the State Department has violated FOIA. Contrary to Plaintiff's assertion, FOIA does not have a 20-working day deadline for production of documents in response to a FOIA request. *See Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 189-90 (D.C. Cir. 2013). Although FOIA does

permit certain requests to be prioritized over others, those requests must qualify for "expedited processing" and even for such requests, FOIA "does not assign any particular time frame to release of the records sought," *Landmark Legal Found. v. EPA*, 910 F. Supp. 2d 270, 275 (D.D.C. 2012); it only requires those requests to be "mov[ed] . . . 'to the front of the agency's processing queue.'" *Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 296 (D.D.C. 2013). *See also* 5 U.S.C. § 552(a)(6)(E)(iii).

The State Department sent a response to Plaintiff's FOIA request on December 13, 2022, acknowledging receipt of the FOIA request and denying Plaintiff's request for expedited processing because Plaintiffs had not shown a "compelling need" for the requested information. *See* ECF No. 1-2.  Specifically, Plaintiff had not shown that (1) failure to obtain the requested information on an expedited basis could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (2) the information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal government activity; or (3) failure to release the information would impair substantial due process rights or harm substantial humanitarian interests. *Id.*

As the State Department further explained in emails on January 2, 2023, and January 24, 2023, in response to Plaintiffs' inquiry regarding the expected timing of the response, the State Department is facing a backlog of FOIA requests and is working through it as quickly as possible. *See* ECF No. 1-4.  It processes FOIA requests on a "first-in, first out basis," ECF No. 1-5.  Based on that backlog, the State Department estimated that Plaintiff's FOIA request had a completion date of June 30, 2025, but advised that if the request could be completed prior to that date, a response would be sent sooner.  *See* ECF Nos. 1-4 & 1-5.

## V. Contemplated motions

The parties believe that discussion of dispositive motions is currently premature. Nevertheless, FOIA cases are typically resolved through summary judgment motions, *see Fams. for Freedom v. U.S. Customs & Border Prot.*, 797 F. Supp. 2d 375, 385 (S.D.N.Y. 2011), and if Plaintiff decides to challenge either the adequacy of Defendant's search for responsive records or Defendant's withholding of responsive records, then summary judgment briefing would likely be necessary.

## VI. Case management plan and scheduling order

Because this is a FOIA case, the parties understand Local Civil Rule 16.1 to exempt them from the requirement of a mandatory scheduling order under Federal Rule of Civil Procedure 16(b). Discovery is rare in FOIA cases; parties typically resolve disputes through agreement or by submitting cross-motions for summary judgment, as discussed above. For the most part, the fields in the proposed case management plan do not apply to this case, therefore the parties have omitted answers to them. As relevant here, the parties address the case management plan categories as follows:

The State Department has not completed searches for records responsive to the Knight Institute's request. The parties have conferred, and Plaintiff has agreed to narrow or clarify certain aspects of the request.

To date, the parties have been unable to agree on a schedule for the processing of records responsive to Plaintiff's FOIA request. Within two weeks, the parties expect to conclude negotiations over an appropriate processing schedule. Therefore, the parties request that the

Court enter an order requiring them to submit a letter on May 26, 2023, either jointly proposing a processing schedule or providing separate proposals for the Court's consideration.

### VII.  Necessity of a jury trial

Because this is a FOIA case, it is unlikely that a trial will be necessary. If a trial were necessary, it would be by the Court and not by a jury.

### VIII.  Consent to a Magistrate Judge

All parties do not consent to conducting all further proceedings for all purposes before a magistrate judge.

Respectfully submitted,

/s/ Jennifer Jones
Jennifer Jones
Alex Abdo
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
jennifer.jones@knightcolumbia.org